The opinion of the Court was delivered by
Johnston, Ch.
The decree of 1852 appears to me to be hasty and inaccurate.
If McClerkin after the execution of his mortgage, had sold the mortgaged premises to Bratton, subject to the lien of the mortgage upon it, it cannot be doubted that, as between himself and Bratton, he would have had an equity to have the mortgage debt raised out of the land in the first instance, in exoneration of his own personal responsibility. The purchase *4 made by Bratton, from the sheriff, of McClerkin’s equity of redemption, (as defined by the statute of 1791,) had precisely the same effect as if McClerkin had conveyed, to him with notice of, and subject to, the mortgage. He bought McClerkin’s right: i. e., he obtained a title to the land encumbered with' the lien : and he paid for the land just so much as it was worth, over and above the lien : and though he did not become personally bound for the mortgage debt, yet the land, in his hands, was specifically bound, so far as it might suffice, for the payment of that debt.
It appears that Bratton, after his purchase, conveyed the land, with general warranty, to Hellen Hemingway, for $> 150; a sum exceeding the debt and interest due on the mortgage.
He thus received a fund to satisfy the lien ; and as between himself and Miss Hemingway, was bound, by his covenant, to exonerate the land in her hands, from the encumbrance of the mortgage.
All parties being before the Court, my opinion is that such a decree should have been made as would have done complete justice in the case.
The mortgagee was entitled to all his remedies; by a decree for payment, so far as the lien of his mortgage might suffice,— and failing that, then to raise the balance out of McClerkin, his debtor. But, as between the defendants, the decree should have been such as to satisfy all equities among them, arising from the case of the plaintiff against the defendants.
Bratton should be decreed to pay the mortgage debt, in exoneration of his covenantee, Hellen Hemingway: and it is ordered and decreed that he do so; and that he be enforced to the payment by fi.fa. or attachment.
If within three months from the filing of this decree and the issue of process thereon as aforesaid, the money be not raised from Bratton, then it is ordered that the Commissioner do proceed to raise it by sale of the mortgaged premises, in the hands of Hellen Hemingway. The sale to be made for cash; after at least twenty-one days public advertisement.
*5 Whatever excess may remain after said sale, after satisfying said debt, to be refunded to Hellen Hemingway.
It is further decreed, that if the plaintiff’s debt be not raised in either of the above ways, he have execution or attachment against McClerkin, his debtor, for the deficiency.
It is further decreed, that Hellen Hemingway have remedy over, by fi. fa. and attachment against Bratton, for whatever sums may be raised and applied to the mortgage debt, out of the lands conveyed and warranted by him to her.
Lastly it is ordered, that Bratton, who occasioned this suit by resisting the plaintiff’s mortgage, and by failing to pay over to it the price for which he sold the land, do pay the costs of this suit.
And it is ordered, that the order of June 1852 be modified according to the foregoing order and decree.
Any party to be at liberty to apply to the Circuit Court at the foot of this decree, for any further order necessary in the case.
Dunkin, Dargan and Ward law, CC., concurred.

Decree modified.